UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMMY ROHRBACHER** ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> **COLLECTCORP** ) <br> **CORPORATION** ) <br> ) <br> Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Tammy Rohrbacher, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Tammy Rohrbacher, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the District.

### III. PARTIES

4. Plaintiff, Charlotte M. Danzer, is an adult natural person residing at 3069 Diamond Spring Lane, Harrisonburg, VA 22801.

5. Defendant, CollectCorp Corporation ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a registered office at 116 Pine Street, Ste. 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about the middle of July, 2009, Plaintiff began receiving calls at her place of employment in regards to a debt. A female agent of the Defendant who was at extension 8603 informed Ms. Rohrbacher that she owed $1,213.95 for a past due Juniper Credit Card.

8. After several calls Plaintiff informed Defendant's agent's that she was at work and could not take calls from them there. Defendant's agent's usually hung up on her after she told them that.

9.  On or around July 23, 2009, Plaintiff received an e-mail message from a co-worker in the payroll department who was contacted by Defendant's agent Barb Wasson. The e-mail read that Ms. Wasson needed a call back to prevent them from moving forward on a garnishment regarding Case #091827518.

10. On July 24, 2009, Plaintiff sent a written request to Defendant asking for the calls to her place of employment stop. She is worried that the continued harassing phone calls will cost her job. See letter attached hereto as Exhibit "A".

11. Defendant has called Plaintiff's home and spoke with Ms. Rohrbacher's boyfriend on several occasions.

12. To date Plaintiff has not received anything in writing from Defendant.

13. On August 10, 2009, Defendant's agent called Plaintiff at work stating that it was in regards to a debt and that the call was being recorded before they even knew that it was Ms. Rohrbacher on the phone.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), c(a)(1), c(a)(3), c(b), c(c), d, d(5), d(6), e, e(2), e(4), e(7), e(10), f, and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, CollectCorp Corporation for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: August 10, 2009        BY:        /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff